IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JACK A. HALEY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-0489-CV-W-NKL-P |
| ) | |
| LARRY DENNY, ) | |
| and ) | |
| JEREMIAH W. (JAY) NIXON, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Pending before the Court is Petitioner Jack A. Haley's ("Haley") Motion for Relief from Judgment [Doc. # 29] filed pursuant to Fed. R. Civ. P. 60(b). Haley requests this Court to reconsider its denial of his petition for habeas corpus filed under 28 U.S.C. § 2254 [Doc. # 15]. For the reasons set forth herein, Haley's motion will be denied.

**I.     Overview**

   **A.     Legal Standards**

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment or order. *See Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989). "[Rule 60(b)] is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Id.* (quotation omitted). Rule 60(b)(2)

1

permits a court to relieve a party from a final judgment in certain circumstances, including the case in which the party discovers evidence after trial that could not have been discovered earlier by the exercise of due diligence. *Guinan v. Delo*, 5 F.3d 313, 316 (8th Cir. 1993).

**B.     Factual[1] and Procedural Background**

On October 13, 2000, Haley was convicted in Missouri state court for two counts of first-degree assault and two counts of armed criminal action for firing a gun toward the Odyssey nightclub in Kansas City, Missouri, after two doormen expelled his cousin, John Smith, from the club. After the doormen expelled Smith, Haley retrieved the Chevrolet Blazer they had driven to the Odyssey, pulled up to the curb, exited the vehicle and approached the doormen, who initially restrained and then released him. Haley returned to the Blazer, opened the driver's side door and reached into the area behind or under the driver's seat. Moments later, witnesses at the scene heard gunshots and saw Haley holding a gun. An Odyssey patron and one of the doormen were shot and seriously injured. The principal witnesses against Haley were two witnesses who saw Haley point his gun toward the nightclub and two other witnesses who saw Haley shoot the gun from the passenger side of the vehicle.

---

[1]The Missouri Court of Appeals described the facts related to Haley's underlying criminal conviction in *State v. Haley*, 73 S.W.3d 746, 749-50 (Mo. Ct. App. 2002). The relevant facts are recounted here.

2

Haley, Smith and another friend, Shawn Medlock, immediately left the scene in Smith's Blazer. Haley was driving. The Blazer was pulled over and the three men were arrested. During a subsequent search of the vehicle, officers found a box of bullets and a gun with blood on it.

While en route to the police station, Smith asked the officers if he had killed anyone and said he had been enraged over the doormen's treatment of his sister, who had attempted to intervene when the doormen removed him from the Odyssey. Several hours later, he gave a videotaped confession, admitting he fired the gun outside the nightclub. Smith was released by the police and was not charged, despite his confession. Smith recanted his confession a few days later, claiming he was intoxicated and did not remember making any statements to the police.

Haley's motion for a new trial was denied and he was sentenced to concurrent terms of fifteen years' imprisonment on each assault charge, to be served consecutively with concurrent terms of twelve years on each armed criminal action charge, for a total of 27 years' imprisonment. Haley filed his direct appeal on December 8, 2000. The Court of Appeals affirmed his conviction on February 26, 2002. *See State v. Haley*, 73 S.W.3d 746 (Mo. Ct. App. 2002). Haley's motion for rehearing in the Court of Appeals was denied. On April 17, 2002, Haley filed an application for transfer to the Missouri Supreme Court, which was also denied.

On August 20, 2002, Haley filed a Rule 29.15 post-conviction motion, which was amended by appointed counsel. The amended motion alleged ineffective assistance of

3

counsel. The motion court held an evidentiary hearing and, later, denied post-conviction relief on April 5, 2004. The Missouri Court of Appeals affirmed the motion court's judgment on March 29, 2005. On October 6, 2006, Haley filed his Amended Petition for a Writ of Habeas Corpus in this Court which was denied on January 10, 2007 [Doc. 18].

### C. New Evidence

Haley argues that previously unavailable new evidence is pertinent to his case:

#### 1. Steve Smith's Affidavit

On August 10, 2007, Steve T. Smith, John Smith's uncle, signed a sworn affidavit stating that "a few days after the shooting" John Smith admitted that he had "actually shot into the Odyssey Night Club" because his sister had been knocked down by the bouncers. (Smith Affidavit ¶ 3). Steve Smith only recently decided that he must come forward with John Smith's confession, so he was not available as a witness on Haley's behalf. (Haley Brief, 2).

#### 2. Elizabeth Bryant's Affidavit

On August 15, 2007, Elizabeth Bryant, John Smith's mother and Jack Haley's aunt, signed a sworn affidavit stating that Richard Rose, John Smith's attorney, stated that David Ketchmark, the Platte County prosecutor, told him that John Smith had to testify in front of the grand jury in order to record John Smith's statement of events so that he "could not come into court in the middle of the trial and change his story" and that,

> they would still charge Jack [Haley] either way with the crime and if John [Smith] changed his story they would charge John [Smith] with obstruction of justice and he will go down for seven years easy. (Bryant Affidavit ¶ 2).

4

## II. Discussion

Haley claims two grounds for relief from judgment: new evidence of actual innocence and prosecutorial misconduct. The Court's review of those claims is limited by the stringent standards imposed by Fed. R. Civ. P. 60(b) and by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.

Under AEDPA, federal courts considering habeas petitions must "exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327, F.3d 748, 751 (8th Cir. 2003). AEDPA mandates that a federal court may not grant a writ of habeas corpus unless the state court's decision (1) was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," (2) involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States," or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Id*. at 751-52.

### A. Actual Innocence

Haley argues that new evidence of Smith's confession to his uncle, if known to the jury, would have secured an acquittal. Therefore, he claims that he is entitled to habeas corpus relief based on a free standing innocence claim.

#### 1. Free Standing Innocence

The Supreme Court has not determined whether a prisoner may receive a writ of habeas corpus based solely on a showing that the prisoner is innocent. *House v. Bell*, 126

5

Case 4:06-cv-00489-NKL    Document 32    Filed 11/20/07    Page 5 of 9

S. Ct. 2064, 2086-87 (2006). The Supreme Court has hinted that a federal court may be able to entertain a freestanding actual innocence claim but has noted that the threshold for any such claim is "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417, 113 S. Ct. 853 (1993). In *Allen v. Nix*, 55 F.3d 414 (8th Cir.), *cert. denied*, 116 S. Ct. 574 (1995), the Eighth Circuit reiterated the Supreme Court's description of the *Herrera* standard: "a *Herrera*-type claim would have to fail *unless . . . new facts unquestionably establish the petitioner's innocence*." *Id.* at 417. Because Haley's new evidence cannot satisfy the less stringent "gateway innocence" threshold, the Court need not evaluate Haley's free standing actual innocence claim.

### 2. Gateway Innocence

The standard for actual innocence review of a defaulted claim in federal habeas corpus is less stringent than the "extraordinarily high" threshold discussed in *Herrera*. *Bell*, 126 S. Ct. at 2087; *Schlup v. Delo*, 513 U.S. 298, 316, 115 S. Ct. 851 (1995) ("If a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his [defaulted] underlying claim."). In *Schlup*, the Supreme Court held that to pass through this "gateway", "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The Schlup court further explained that in making its determination "the district court is not bound by the rules of admissibility that

6

would govern at trial. Instead, the emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Id*. at 327-28.

In this case, Haley has one new piece of evidence as to his actual innocence: Steve Smith's affidavit in which he states that John Smith confessed to shooting into the Odyssey nightclub. The question is whether it is more likely than not that no reasonable juror would have found Haley guilty beyond a reasonable doubt had the new evidence been presented at trial. Haley was convicted, in part, because two witnesses saw him with the gun in his hand and two other witnesses saw him shooting the gun from the passenger side of the Blazer. Haley argues that these witnesses gave inconsistent testimony based on their recollection of the shooter's clothes and appearance. (Haley Reply Brief, 1). The Missouri Court of Appeals has already ruled on these issues, finding that there was sufficient, alternative witness evidence from which the jury could reach a guilty verdict. *State v. Haley*, 73 S.W.3d 746, 753 (Mo. Ct. App. 2002) ("Haley further argues he and Smith are similar in appearance, so much so that, after completing their investigation, the police arrested Smith upon the mistaken belief he was Haley."). Steve Smith's affidavit is duplicative of evidence already heard at trial. John Smith made incriminating statements in the presence of police while being transported to the police station and, hours later, gave a full confession. The jury saw the videotaped confession and chose not to believe it. Had the jury not believed Smith's confession because of some misconduct or coercive practice by the police, then the fact that Smith also confessed to his uncle would be

7

persuasive. But, in this case, the facts suggest that Smith willingly confessed, although he recanted, and Haley does not suggest that Smith's confession was disbelieved by the jury because they thought it involuntary. Thus, that Smith also willingly confessed to his uncle does not make it more likely that the jury would now believe Smith actually was the shooter.

The Court finds that Haley's new evidence is insufficient to establish "gateway" innocence under *Schlup*. It is not more likely than not that no reasonable juror would have found Haley guilty beyond a reasonable doubt had the new evidence been presented at trial. Therefore, Haley has established neither free standing actual innocence nor gateway innocence.

### B.     Prosecutorial Misconduct

Haley asserts he was denied a fair trial due to prosecutorial misconduct when the prosecutor threatened Smith with obstruction of justice and seven years' imprisonment if he changed his story "in the middle of the trial."

Haley in essence re-alleges prosecutorial misconduct on the same grounds as in his original habeas petition: the prosecutor's decision to charge Haley despite Smith's confession. First, as this Court stated in ruling on Haley's original habeas petition, Haley's argument was not raised in the state court and is, therefore, procedurally barred. *See also Massaro* v. *United States,* 538 U.S. 500, 504 (2003); *Bousley* v. *United States,* 523 U.S. 614, 621 (1998). Second, according to Bryant's affidavit, David Ketchmark, the Platte County prosecutor, issued his threat *after* Smith had testified to the grand jury as to

8

the evening's events in which he denied being the shooter. (Bryant Affidavit ¶ 2). Third, Bryant's statement is hearsay within hearsay - Smith's attorney, Richard Rose, recounting his conversation with Ketchmark to Bryant and Smith. Finally, Haley has produced no evidence that the prosecutor was driven by an illegal or untoward motive to convict him. In his motion, Haley alleges no more than Ketchmark was convinced, based on the evidence, that Haley was the shooter, as did the jury with full knowledge of Smith's confession. Even if Haley's claim were not barred, exercising prosecutorial discretion under these circumstances is not prosecutorial misconduct.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Petitioner Jack Haley's Motion for Relief from Judgment [Doc. # 29] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  November 20, 2007
Jefferson City, Missouri